UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MILES ORLANDO LEE,

        Plaintiff,                    Case No. 2:15-cv-82

v.                                         Honorable R. Allan Edgar

T. GAJEWSKI, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Miles Orlando Lee, a state prisoner currently confined to the Gus Harrison Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Assistant Resident Unit Manager T. Gajewski and Classification Director Unknown Adams. Plaintiff alleges that while he was confined at the Baraga Correctional Facility (AMF), Defendant Gajewski terminated him from a mandatory, parole recommended class called "Thinking for a Change." The Discharge Summary Report states that Plaintiff was terminated for violating the program rules:

> On 4/22/15 Prisoner Lee #217911 left Thinking for a Change class and went directly to another prisoner stating I had used his parole interview as an example in the class. I did not use any names in the example of the lesson 8 on recognizing risk thinking. Many prisoners who saw the board were for alcohal [sic] problems. Prisoner Lee caused alarm in the prisoner he approached with this information and told the prisoner he was suing in a court of law over what was said in class. This further shows his lack of objectiveness over his own behavior. Lee has been counseled several times on his attire he wore to class and on his participation in the class not being appropriate with his disrespect for authority. Lee signed the rules at the beginning of the class which state, "Maintain an open honest channel of comunication [sic] and what happens in class stays in class." Lee is not ready to embrace the foundations of this class nor work with the class to learn the basics. He is closed off from new ways of thinking. He is removed from class for violating the rules he signed on 4/1/15.

*See* docket #1-1, p. 18 of 24.

Plaintiff claims that this statement is false and attaches statements from other prisoners to his complaint, which assert that they did not observe Plaintiff being counseled about his attire, his class participation, or his disrespect for authority. *Id.* pp. 6-8 of 24. Defendant Lee refused to give Plaintiff a hearing regarding his termination from the class. Plaintiff states that while he was

enrolled in Thinking for a Change," there was a transfer hold in place, so he could not be transferred. However, once he was terminated, Plaintiff was transferred to Ionia Bellamy Creek Facility. Plaintiff alleges that he was over a quarter of the way finished with his class when he was terminated.

Plaintiff states that he filed two habeas corpus actions in federal court, one in December of 2014, and the second in January of 2015. Both petitions are pending in the Sixth Circuit Court of Appeals. Plaintiff states that Defendants' conduct was in retaliation for being a whistle blower who raised factual allegations in his habeas corpus actions and attempted to file a factual grievance, which was never processed. Plaintiff contends that he is due to see the Michigan Parole Board and that his release from prison will be delayed because of the Defendants' conduct. Plaintiff seeks damages and injunctive relief.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was terminated from the Thinking for a Change class based on false accusations without a hearing in violation of his due process rights. Even assuming that what Plaintiff says is true, Plaintiff has not stated a viable due process claim.

Procedural due process claims require resolution of two questions:

> [T]he first asks whether there exists a liberty or property interest which has been interfered with by the State, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972); the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient. *Hewitt v. Helms*, 459 U.S. at 472.

*Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989).

Generally speaking, a protected interest exists if the individual has a legitimate claim of entitlement to it. *Id.* at 460. Plaintiff has no inherent constitutional right to rehabilitation, education, job assignments, or other programming. *See Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 2400 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976); *Newsom v. Norris*, 888 F.2d 371, 374-75 (6th Cir. 1989); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980).

Nor does state law create such an entitlement. Michigan's statutes and regulations give prison authorities complete discretion regarding programming assignments of prisoners. Michigan does not have statutes or administrative rules restricting the discretion of its prison administrators concerning such decisions. Under Michigan Department of Corrections regulations, prison authorities retain broad discretion regarding the assignment of prisoners to rehabilitative programs and work assignments. *See* MICH. DEP'T OF CORR., Policy Directives 05.01.100 and 05.02.112.

Plaintiff asserts that because "Thinking for a Change" is a program recommended by the Parole Board, he has a right to a hearing before he can be terminated from the class. However, Plaintiff does not have a liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an

inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

Accordingly, since Plaintiff had no entitlement to or liberty interest in participating in the "Thinking for a Change" class or in being released on parole, the Due Process Clause was not implicated by Plaintiff's termination from the class, with or without cause.

Plaintiff also claims that Defendants conduct constituted retaliation in violation of the First Amendment. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff alleges that he filed two habeas corpus actions and attempted to file a grievance in December of 2014 and January of 2015. In April of 2015, Plaintiff was terminated from the "Thinking for a Change" class. Plaintiff fails to make any specific factual allegations in support of his claim that the termination was in retaliation for the habeas corpus petitions and the attempted grievance filing. Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)).

However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Moreover, *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive.

> In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010). Because Plaintiff's retaliation claim is supported by conclusory and ambiguous evidence, it is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  8/4/2015                                           */s/ R. Allan Edgar*
                                                           R. ALLAN EDGAR
                                                           UNITED STATES DISTRICT JUDGE